UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ERIC ROBERT JOHNSON<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   Criminal No. 22-cr-10066-DJC-1<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**RULING ON MOTION TO SUPPRESS**

**CASPER, J.**                                                                                          **January 7, 2024**

*Introduction.*  Having had the opportunity to review and consider the motion to suppress filed by Defendant Eric Robert Johnson ("Johnson"), D. 101, the government's opposition to the same, D. 107, Johnson's reply, D. 109, and the testimony and exhibits offered over two days of evidentiary hearings that began on December 1, 2023 and concluded on January 5, 2024, D. 110, 115, the Court wants to give the parties the benefit of its ruling now given the upcoming trial set to begin on January 29, 2024.  Johnson seeks to suppress all information obtained regarding his IP address and other evidence seized through law enforcement's use of Freenet Roundup, a law enforcement version of Freenet, on the grounds that such conduct constituted an unreasonable search and seizure in violation of the Fourth Amendment.  For the reasons explained herein, the Court DENIES the motion.

*Findings of Fact.*  The Court bases these findings of fact on the testimony of Dr. Brian Levine and exhibits, Exh. 1-11, admitted in the course of the evidentiary hearing.  Freenet is a peer-to-peer network that allows users to share files.  Unlike traditional peer-to-peer networks,

1

Freenet does not involve direct file sharing between users, but involves a system intended to be "censorship resistant" and make the identity of users more difficult to ascertain. It does so by breaking any file to be shared into blocks and encrypting each block. Those blocks are then distributed and stored randomly across Freenet's network of peers. The program creates an index that contains the list of all of the blocks of the file and a unique "manifest key" is needed to retrieve the blocks and reconstruct the file. When a user seeks to retrieve a file, the user sends a request to neighboring "nodes" (peers on Freenet) to retrieve the necessary blocks. If neighboring nodes do not have the blocks, the request gets passed on (or relayed) to other nodes. Freenet attempts to conceal the identity of the original requestor by randomizing the number of times a request can be forwarded from peer to peer to no more than 18 times (i.e., as discussed below, 18 "hops"). Freenet software is free and publicly available and a user can freely download it. When doing so, a user can select to use Freenet in "Darknet" or Opennet" mode. In the former, a user would connect only with peers selected by the user. In Opennet mode, a user would be connected any other user, including those unknown to the user who will have access to, among other things, the user's IP address. Such strangers could include law enforcement officers. Freenet warns users about the limits of security and anonymity during the installation process. Exh. 1 at USAO_000911 (as to low security mode, warning that "an attacker with moderate resources may be able to trace your activity on Freenet back to you"); id. at 00912 (describing Opennet mode as "connect[ing] to strangers and friends" and it "may be quite easy for others to discovery your identity"); id. at USAO_000912, 917 (indicating that security level is "LOW" when using Freenet in Opennet mode). Freenet is a slower and less efficient way of sharing and downloading images and its other features made it an attractive program for sharing contraband, including child sexual abuse

material ("CSAM"). Dr. Levine's 2020 study, Exh. 3, found that "at least 30% of request traffic on Freenet is for CSAM-related content."

The one witness at the evidentiary hearing was Dr. Levine, a professor at the University of Massachusetts with a PhD in computer engineering and his research focuses on security and networking including but not limited to peer-to-peer networking. Exh. 9. Dr. Levine and his team created Freenet Roundup as a law enforcement officer ("LEO") tool in the investigation of CSAM. It is a modification of the publicly available Freenet and it operates on the Opennet mode. The LEO nodes constitute only about 1% of all of the nodes on Freenet (at least as of 2018, Exh. 11) and they do not search for any particular user, IP address and do not search an user's computer. Instead, Freenet Roundup works on two levels of filtering. First, at the LEO node level, it is filtering the "Hops to Live" (i.e., "a counter to prevent block requests from propagating indefinitely," Exh. 3 at USAO_000411) to those that are above 16 hops. For mathematical reasons explored and thoroughly explained by Dr. Levine, Exh. 3, this first level of filtering helps to narrow the field of determining that a particular node is more likely a requestor node (that is, the downloader or uploader of a file) as opposed to a relayer node (that is, simply forwarding requests from others). This approach, again for reasons thoroughly explained in Dr. Levine's papers, Exh. 2-3, has a very low false positive rate. The second level of filtering is the ICAC Cops filtering level where the hash values of the block requests are compared against a database of known blocks of CSAM. If there is a match, the blocks are logged and LEO can pass these leads regarding CSAM on to law enforcement in the appropriate jurisdiction, based upon geolocations for IP addresses, for further investigation.

The LEO version of Freenet is not publicly available (although Dr. Levine's papers explaining same, Exhs. 2-3, are publicly available) and only trained LEOs can use it. FBI Special

Agent Bryce Montoya received such Freenet training, Exh. 7, and was the investigator in this case. Montoya received and reviewed information that a user with the IP address (later identified as Johnson's) had requested blocks of CSAM on Freenet (through the process explained above). Exh. 8 at 10-12. This user was using Freenet in Opennet mode which is where LEO nodes were also present using Freenet Roundup. This IP address made requests for blocks of CSAM on three occasions, between May 29 and 30, 2021, June 3, 2021, and June 8, 2021. Id. A later subpoena to Verizon determined that Johnson was the subscriber for this IP address. Id. at 13. Agents received a search warrant for Johnson's residence for evidence, fruits and instrumentalities for possession and receipt of child pornography, Exh. 8. The search warrant was executed on February 23, 2022. D. 1-2 at 2. A search of his laptop revealed that it had Freenet software on it and at least one of his electronic devices contained child pornography, D. 1-2 at 2-4.

*Conclusions of Law.* As a threshold matter, the parties dispute that Defendant had a reasonable expectation of privacy in his use of Freenet. The Fourth Amendment "protects persons from warrantless searches and seizures as to any place for which the person maintains a reasonable expectation of privacy." United States v. Pobre, No. 8:19-cr-348-PX, 2022 WL 1136891, at *4 (D. Md. Apr. 15, 2022) (citing Katz v. United States, 389 U.S. 347, 351 (1967)). The Court concludes that Johnson did not have a reasonable expectation of privacy in his use of Freenet and, accordingly, his Fourth Amendment challenge fails and the Court DENIES the motion to suppress. The Court disagrees with Johnson's counsel that the "narrow" scope of decision in Carpenter v. United States, ___ U.S. ___, 138 S. Ct. 2206, 2220 (2018) governs here. Unlike an individual "maintain[ing] a legitimate expectation of privacy in the record of his physical movements as captured through [cell-site location information]" in Carpenter, 138 S. Ct. at 2217, Johnson chose to participate in a peer-to-peer network designed to allow censorship-resistant communication and

with measures to protect anonymity, but that warned any user that his identification could be discovered and that the choice of Opennet will allow connections with strangers (which could or could not be law enforcement). Exh. 1. Johnson chose to use the Freenet platform and to use Opennet mode. See Pobre, 2022 WL 1136891, at *4 (denying a motion to suppress evidence obtained through use of Freenet Roundup and distinguishing Carpenter and its progeny). Moreover, unlike the wholesale cataloguing and disclosure of cell site location information in Carpenter, Carpenter, 138 S. Ct. 2216-20, the same is not true for Freenet Roundup, which essentially logs the block requests that are likely to contain suspected CSAM. Although law enforcement was using a modified version of Freenet to do so, it was doing so in a forum where Johnson already has no reasonable expectation of privacy. That is, in using Freenet Roundup, the agents "act[] like an undercover officer crashing a public meeting." Pobre, 2022 WL 1136891, at *6. Although Freenet is a different type of peer-to-peer network, the Court still finds cases rejecting similar challenges to traditional peer-to-peer networks persuasive, see D. 107 at 13 n.3 (and cases cited), and finds the analysis in Pobre denying a similar Fourth Amendment challenge to the use of Freenet Roundup particularly persuasive.

    *Conclusion.* For all of these reasons, the Court DENIES the motion to suppress, D. 101. **So Ordered.**

    /s/ Denise J. Casper
    United States District Judge